WALTER BLAIR and EDWARD ROSENBERG, Plaintiffs, *v.* RICHMOND LEVERING & COMPANY, INC., Defendant.

Supreme Court, New York County, April, 1923.

**Contracts — call on stock must be exercised within a reasonable time.**

Where plaintiffs under a call executed by defendant had a right to exercise the same by demanding on one day's notice, except last day, a certain number of shares of the common stock of a named corporation at a stated price per share, at any time after the date and delivery of the call, such right must be exercised within a reasonable time.

Where the optional call was not exercised until over three years and five months after its date the defendant in an action upon the contract was entitled to judgment.

ACTION on contract.

*Philip C. Samuels*, for plaintiffs.

*Robinson, Allen & Hoy*, for defendant.

HINKLEY, J.   On February 15, 1917, defendant executed the following call:

" The bearer may call on me on one day's notice, except last day, when notice is not required, Two thousand (2000) shares of the common stock of the Metropolitan Petroleum Corporation at Two (2) Dollars per share any time in        days from date.

"All dividends for which Transfer Books close during said time go with the stock.

" Expires        19
                " RICHMOND LEVERING & Co., INC.,
                                " R. TULLIS, *Treas.*"

On the back of this call the defendant duly signed the following writing:

" W. BLAIR & Co.

" This stock is to be deposited by Richmond Levering & Co., Inc. for your account with the new company or corporation to succeed the Metropolitan Petroleum Corporation for the purpose of you obtaining all securities issued by the said new company or corporation, in lieu of the Metropolitan Petroleum Corporation. No certificate numbers are required as same is to be deposited without your knowledge as to the exact certificates which are to be used.
                " RICHMOND LEVERING & Co., INC.,
                                " R. TULLIS."

The option or call was not exercised until July 21, 1920, which was over three years and five months after the date of the call.

The agreement of April 14, 1920, contemplates the dissolution of the Metropolitan Petroleum Corporation of Virginia after the transfer of the assets of the Metropolitan Petroleum Corporation of Delaware.   The evidence shows that the Metropolitan Petroleum Corporation mentioned in the call is the Virginia corporation and it is apparent that the Island Corporation became the so-called " new corporation " mentioned upon the back of the call.

It must be borne constantly in mind that the call was given to plaintiffs without consideration running to defendant and upon fluctuating stock, and is without definite date of expiration. Although such call needs no consideration to validate it or date of expiration, yet the court is not thereby bound to place an unreason-

able construction upon the instrument and cannot extend it beyond a reasonable time.

Plaintiffs claim that reading the entire instrument it was the evident intention of the parties not to give and receive an ordinary call, but that the parties contemplated that the Metropolitan Petroleum Corporation was to be taken over by another company and that plaintiffs could not exercise the call until the Metropolitan Petroleum Corporation was taken over and that forty-one days after that event was a reasonable time to exercise the call.

There is no logical basis for the plaintiffs' contention that they could not exercise the call until the Metropolitan Petroleum Corporation was taken over by some other company. They had the right to exercise their call by demanding the shares of the Metropolitan Petroleum Corporation at any time after the date and delivery of the call. There being no date of expiration in the call, it must be exercised within a reasonable time and certainly three years and five months is not a reasonable time within which to exercise a call upon fluctuating stock. Such an agreement might be proper if there had been a consideration or if there had been a sale outright of stock of the Metropolitan Petroleum Corporation with the understanding that defendant was to deposit it with the new company.

In the absence of any evidence as to the intention of the parties the court must construe the instrument solely in the light of its provisions. Both as a fact and as a matter of law the plaintiffs did not exercise their option within a reasonable time.

Judgment may be entered accordingly.

Judgment accordingly.